# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**LESTER HAHN AND CORINNE HAHN,**
          **Plaintiffs,**

v.                                                           Case No. 11-C-0261

**COUNTRYWIDE HOME LOANS, INC., et al.,**
          **Defendants.**

---

## DECISION AND ORDER

Plaintiffs Lester and Corinne Hahn have filed a complaint alleging that the defendants – various banks and mortgage companies – "engaged in an ongoing course of action designed to enrich themselves by inducing plaintiff to enter into a series of loans and mortgages, even though defendants knew that the loans were for amounts that plaintiff could not pay over a sustained period, and that the mortgages which secured the loans would likely be foreclosed upon, causing plaintiff to incur debt which he could not pay and to lose assets which he would otherwise have been able to retain." (Compl. ¶ 13.) Several defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6). One of these defendants, Wells Fargo, has also moved to dismiss for lack of subject-matter jurisdiction, Fed. R. Civ. P. 12(b)(1). In this opinion, I discuss Wells Fargo's motion insofar as it pertains to subject-matter jurisdiction.

Under Federal Rule of Civil Procedure 8(a)(1), a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." In their complaint, plaintiffs assert that this court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal-question

jurisdiction) and 28 U.S.C. § 1332 (diversity jurisdiction). It is clear, however, that the court does not have jurisdiction pursuant to § 1332 because the parties are not completely diverse. Complete diversity means that no plaintiff is a citizen of the same state as any of the defendants. Smart v. Local 702 Int'l Bhd. of Elec. Workers, 562 F.3d 798, 802-03 (7th Cir. 2009). The complaint alleges that the plaintiffs are citizens of Wisconsin and that several of the defendants are citizens of Wisconsin. Thus, even though other defendants are not citizens of Wisconsin, I may not exercise jurisdiction pursuant to § 1332.

The remaining question is whether I may exercise jurisdiction pursuant to § 1331, which provides that federal courts may exercise jurisdiction over actions that arise under federal law. Nearly all of the causes of action set forth in plaintiffs' complaint arise under Wisconsin rather than federal law. (Compl. ¶¶ 95-119.) The exception is plaintiffs' purported cause of action for "violations of appraisal standards." (Compl. ¶¶ 103-05.) In this count of the complaint, plaintiffs allege that "defendants engaged in a pattern o[f] obtaining appraisals that were inconsistent with the Uniform Standards of Professional Appraisal Practice and in violation of 12 U.S.C. § 3339 and 12 C.F.R. §§ 34.44 and 34.45," and that "defendants violated the above-mentioned statutes and regulations because they knew that doing so would induce plaintiffs to continue the loan process and to take a loan that while detrimental to plaintiffs provided a financial benefit to defendants."

Wells Fargo argues that plaintiffs' purported claim for violation of appraisal standards cannot confer federal-question jurisdiction because it is wholly insubstantial and frivolous and made solely for the purpose of obtaining federal jurisdiction. See Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1180 (7th Cir. 1989). In this regard, Wells Fargo notes that the federal statute on which the claim is based provides no private right of action. See

also <u>Bolden v. KB Home</u>, 618 F. Supp. 2d 1196, 1205-07 (C.D. Cal. 2008) (finding that there is no private right of action under § 3339 and related regulations and that issues relating to federal appraisal standards do not give rise to substantial federal questions). Plaintiffs have not filed a response to Wells Fargo's motion, and so they have not attempted to show that their claim for violation of appraisal standards is not wholly insubstantial and frivolous or made solely for the purpose of obtaining federal jurisdiction.

As it is plaintiffs' burden to show that the exercise of federal jurisdiction is proper, <u>Nuclear Eng'g Co. v. Scott</u>, 660 F.2d 241, 251 (7th Cir. 1981), and as plaintiffs have made no effort to rebut Wells Fargo's argument that the alleged violations of the appraisal statutes do not provide a basis for federal jurisdiction, I will accept Wells Fargo's argument without further analysis and dismiss this action in its entirety for lack of subject-matter jurisdiction.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that Wells Fargo's motion to dismiss for lack of subject-matter jurisdiction (Docket #15) is **GRANTED**.  Because the court lacks jurisdiction over this action, the defendants' motions to dismiss the complaint on the merits pursuant to Rule 12(b)(6) (Docket ##7, 10 &15) are **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** and that the Clerk of Court shall enter final judgment.

Dated at Milwaukee, Wisconsin, this 6th day of September, 2011.

s/_____
LYNN ADELMAN
District Judge